UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY M. GIVENS

VERSUS

SOUTHERN FIDELITY
INSURANCE COMPANY

CIVIL ACTION

NO: 22-3935

SECTION: "A" (5)

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (R. Doc. 20)** filed by Defendant, Louisiana Insurance Guaranty Association ("LIGA"). Plaintiff, Sydney M. Givens, opposes the motion. The motion, set for submission on March 18, 2026, is before the Court on the briefs without oral argument. For the following reasons, the Court **DENIES** the motion.

## I.    BACKGROUND

This case involves an insurance coverage dispute. On October 15, 2022, Givens filed a complaint against his homeowner's insurance carrier, Southern Fidelity Insurance Company ("SFIC"), seeking to recover for damages caused by Hurricane Zeta.[1] This suit was filed within two years of Hurricane Zeta making landfall on October 28, 2020.[2] However, four months before Givens filed suit, in June 2022, a Florida court declared SFIC insolvent.[3] Three years after SFIC's entry of liquidation,

---

[1] R. Doc. 1, Complaint, ¶ 10.

[2] La. R.S. § 22:868(B) permits parties to an insurance policy to contractually limit a policyholder's right of action to no less than two years from the date of loss. The parties did not attach the insurance policy to either the complaint or the pending motion, so the Court cannot determine whether the policy complied with the statutory limitations of § 22:868. However, neither party raises the issue before the Court.

[3] R. Doc. 11, Mot. to Substitute Party, ¶ 1.

on December 12, 2025, Givens moved ex parte to substitute LIGA as the defendant in this matter.[4] The Court granted the motion.[5]

LIGA now moves to dismiss the case, arguing that Givens sued an insolvent insurer, his claims have since prescribed against LIGA, and that the order substituting LIGA did not cure this deficiency.[6] LIGA points out that SFIC was already declared insolvent when Givens filed suit and that he should have known that LIGA would be the proper defendant before filing.[7]

Givens contends that LIGA's prescription argument fails because the Court's substitution order merely corrected the identity of the parties, and it relates back to the original filing date.[8] Therefore, prescription was interrupted on October 15, 2022, with the timely filing of this suit against an insolvent insurer.[9]

## II.    STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement

---

[4] *Id.*
[5] R. Doc. 13, Order Granting Mot. to Substitute Party.
[6] R. Doc. 20, Mot. to Dismiss.
[7] *Id.*
[8] R. Doc. 21, Pl.'s Opp to LIGA's Mot. to Dismiss, at 1.
[9] *Id.* at 2.

to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

### III. RELEVANT LAW

#### a. The Erie Framework

The parties do not dispute, and this Court agrees, that Louisiana law governs the present issue of whether filing suit against an insolvent insurer interrupts prescription as to LIGA. *See Lefkowitz v. Geico Advantage Insurance Company*, 583 F. Supp. 3d 763, 767 (E.D. La. Feb. 3, 2022) ("Federal courts apply Louisiana prescription law to diversity actions which Louisiana law governs, as state statutes of limitations are considered substantive for purposes of *Erie* analysis"). The Court evaluates issues of Louisiana law by looking to decisions of the Supreme Court of Louisiana. *Keiland Constr. L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 418 (5th Cir. 2024) (citing *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018)).

The issue before the Court was recently addressed by the Louisiana Supreme Court, albeit *in dicta*. *See Bryan v. Louisiana Citizens Property Insurance Corporation*, 429 So. 3d 249 (La. 2026) ("Interruption or suspension occurs with respect to LIGA if it would occur with respect to the insolvent insurer"). Therefore, the Court looks to the decision and commentary in *Bryan* to determine how to rule in the pending matter.

### b. *Prescription*

Prescription is interrupted by the filing of suit in a court of competent jurisdiction. LA. CIV. CODE ART. 3462. Interruption not only stops the running of prescription, it annuls the commenced prescription so that after the interruption ceases, a new prescription must commence. *Shannon v. Vannoy*, 251 So.3d 442, 448 (La. App. 1 Cir. June 1, 2018). The interruption of prescription against one solidary obligor is effective against all solidary obligors. LA. CIV. CODE ARTS. 1799 AND 3503. When it is clear on the face of a plaintiff's petition that prescription has run, the plaintiff bears the burden of showing why the claim has not prescribed. *Lima v. Schmidt*, 595 So. 2d 624, 628 (La. 1992).

## IV.    DISCUSSION

### a.    Interruption of Prescription

LIGA's arguments rely heavily on the Louisiana Fifth Circuit Court of Appeal's decision in *Green v. Maison Insurance Company*, 398 So. 3d 231 (La. App. 5 Cir. 2024). In *Green*, as in this case, the plaintiffs timely filed suit against their insurer, who had been declared insolvent nearly a year prior. *Id.* at 233. Three months after the lapse of prescription, the plaintiffs in *Green* filed a first amended petition for damages, naming LIGA as an additional defendant. *Id.* LIGA answered by arguing that the amended petition was prescribed on its face and the plaintiffs' claims were barred as a matter of law. *See id.* at 233-34. The appellate court agreed with LIGA, determining that "because an insolvent insurer no longer exists, it cannot be a solidary obligor with LIGA." *Id.* at 234 (citing *Tyburczy v. Graham*, No. 91-1978, 1994

WL 150724 (E.D. La. Mar. 30, 1994) (Duplantier, J.) ("When an insurer such as Alliance becomes insolvent, it ceases to exist, and the liquidator or receiver becomes its legal successor, not LIGA").[10] The court determined that filing suit against the original insolvent insurer did not interrupt prescription as to LIGA because the plaintiffs filed suit against a non-existent entity. *Id.* at 234-35.

The Court agrees that the facts in *Green* are comparable to this case. However, since the filing of LIGA's pending motion to dismiss, the Louisiana Supreme Court has ruled on the question of what prescriptive period applies to claims against LIGA, expressly mentioning *Green in dicta. See Bryan v. Louisiana Citizens Property Insurance Corporation*, 429 So. 3d 249 (La. 2026). Although the facts in *Bryan* are distinguishable from the present case, the decision clarifies and gives guidance on the issue before the Court.

*Bryan* involves SFIC, the same insolvent insurer sued in the instant suit. On August 28, 2023—one day before the prescription deadline, but over a year after SFIC had been placed in receivership—the plaintiffs in *Bryan* filed their petition. *Id.* at 251-252. Importantly, SFIC made one unconditional payment on plaintiffs' claim before its insolvency. *Id.* at 251. However, instead of naming the insolvent insurer or LIGA in their petition, the plaintiffs incorrectly named Louisiana Citizens Property

---

[10] The district court did not undertake a detailed statutory analysis to conclude that an insurer's insolvency extinguishes its juridical existence for the purposes of prescription. Instead, the court quotes Louisiana Code of Civil Procedure article 740, stating, "the receiver or liquidator of a domestic or foreign corporation … is the proper defendant in an action to enforce an obligation of the corporation." *Tyburczy*, 1994 WL 150724 at 3.

Insurance Corporation ("LCPIC"). *Id.* at 252. Realizing their error, the plaintiffs filed an amended petition in October 2023 substituting LCPIC with LIGA. *Id.*

Like in *Green*, LIGA responded by filing a peremptory exception of prescription arguing that "(i) prescription commenced to run against LIGA on the date of loss (August 29, 2021), (ii) the policy's two-year deadline applied to LIGA, and (iii) because there was no relationship between LCPIC and LIGA, plaintiffs' October 24, 2023 amended petition, filed more than two years after the date of loss, did not 'relate back' to the original filing, making plaintiffs' claim prescribed." *Id.*

The Louisiana Supreme Court affirmed the court of appeal's denial of LIGA's exception of prescription. *Id.* at 255. In doing so, the court pointed out that "LIGA Law" expressly grants LIGA the benefits of the underlying policy provisions. *Id.* at 253. This means that "[t]o the extent of its obligations on the covered claims, [LIGA shall] have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent[.]" *Id.* (quoting La. R.S. 22:2058(A)(2)) (internal quotations omitted). "One such 'right' is the benefit of the SFIC policy's two-year limitation period. Therefore, without any suspension or interruption of prescription, a suit against LIGA in this case would have had to be filed within two years of Hurricane Ida's landfall [...]" *Id.* at 253. Notwithstanding the policy limitation, the court held that SFIC's unconditional payment not only interrupted prescription as to SFIC, but also to LIGA, making plaintiff's amended petition timely because it was filed within two years of the unconditional tender. *Id.* at 254.

6

Although the court did not directly address whether filing suit against an insolvent insurer would interrupt prescription as to LIGA in the body of the Opinion, it did so in the footnotes. The court plainly asserted "[i]nterruption or suspension occurs with respect to LIGA if it would occur with respect to the insolvent insurer." *Id.* at 254 n.12 (quoting Stephanie B. Laborde et al., The DEF's of LIGA: An Update to the ABC's of LIGA, 77 La. L. Rev. 997, 998 (2017)). The court went on to clarify that it rejects any arguments in *Green* that a timely filed suit against an insolvent insurer does not interrupt prescription as to LIGA. *Id.* ("Therefore, we agree with LIGA's position in this case and expressly reject any contrary position it previously took in arguing that an insured's timely filed suit against an insolvent insurer does not interrupt prescription as to LIGA").

Further, in another footnote, the court notes that LIGA's position in *Bryan* was contradictory to both its prior position in *Green* and this current case: "As LIGA concedes, if the proper plaintiffs had timely sued the insolvent carrier, LIGA could be subsequently added, and the amendment would relate back and interrupt prescription against LIGA as of the date of its original filing." *Id.* at 252 n.4.

Here, both parties agree that Givens filed suit against SFIC within the requisite timeframe allowed by statute and by the underlying policy. Like in *Bryan* and *Green*, SFIC was insolvent by the time the suit was filed. However, "interruption or suspension occurs with respect to LIGA if it would occur with respect to the insolvent insurer." *Id.* at 254 n.12. There is no suggestion from Louisiana's highest court that the fact that an insurer is already insolvent at the time that suit is brought

7

changes the principle that interruption of prescription for the insolvent insurer also interrupts prescription for LIGA.

Since the Court is denying LIGA's motion to dismiss on the basis of prescription, the issue of subject-matter jurisdiction remains. As an unincorporated "artificial entity," LIGA is considered a citizen of each state in which each member insurer is a citizen. *Eyre v. United Prop. & Cas. Ins. Co.*, No. 22-04503, 2024 WL 4507838, at *2 (W.D. La. Oct. 16, 2024) (Ayo, Mag. J.) (quoting *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)) (internal quotations omitted). There is no dispute that Givens is a Louisiana citizen.[11] And LIGA's member insurers include Louisiana citizens. So, LIGA also possesses Louisiana citizenship for diversity purposes. *Id.* (citing *Kieffer v. Southern Fid. Ins. Co.*, No. 22-863, 2023 WL 157631 (E.D. La. Jan. 11, 2023) (Ashe, J.)). Accordingly, the parties are non-diverse for jurisdictional purposes. *See* 28 U.S.C. § 1332(a).

However, the Court previously granted Givens' Motion to Substitute SFIC with LIGA. R. Doc. 13.[12] The substitution of a non-diverse defendant in place of a diverse defendant does not destroy subject matter jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 427-29 (1991) (per curiam) (holding that the Rule 25 substitution of a non-diverse party in a diversity action does not destroy diversity because diversity is assessed at the time the original action was filed); *see also*

---

[11] R. Doc. 1 ¶ 1.

[12] Courts are conflicted as to whether LIGA can be substituted in place of an insolvent insurer. *Loving v. United Prop. & Cas. Ins. Co.*, No. 22-3900, 2023 WL 7386065 (E.D. La. Nov. 8, 2023) (Fallon, J.); *but cf. McDondald v. United Prop. & Cas. Ins. Co.*, No. 22-3757, 2023 WL 6464772 (E.D. La. Oct. 4, 2023) (Morgan, J.). For a detailed analysis as to why a Rule 25 substitution was a proper procedural vehicle for adding LIGA to this case, see *Loving*.

*Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) ("Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution."). Because the parties were diverse when Givens filed suit against SFIC, and LIGA was merely substituted in the action, the Court retains jurisdiction over the matter.

Accordingly;

IT IS ORDERED that the **Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (R. Doc. 20)** is **DENIED**.

June 12, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

9